20CA1051 Peo v Carpenter 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1051 Pueblo County District Court Nos. 12CR1486 & 13CR71 Honorable Larry C. Schwartz, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Ricky Carl Carpenter, Defendant-Appellant. ORDER AFFIRMED Division A Opinion by CHIEF JUDGE ROMÁN Vogt* and Taubman*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Philip J. Weiser, Attorney General, Christine Brady, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Rachel Z. Geiman, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021. 
1 ¶ 1 Defendant, Ricky Carl Carpenter, appeals the postconviction court’s order denying his Crim. P. 35(c) motion. We affirm. I. Background ¶ 2 This appeal involves two criminal cases. In the first case, which was based on Carpenter kidnapping his ex-girlfriend, the prosecution charged him with felony counts of second degree kidnapping, second degree assault, menacing, and possession of a weapon by a previous offender. In the second case, which was based on Carpenter breaking into his ex-girlfriend’s home, the prosecution charged him with felony counts of first degree criminal trespass and violation of bail bond conditions. ¶ 3 The same district judge presided over both cases. The day before trial in the first case, in early July of 2013, Carpenter’s trial counsel filed a motion to disqualify the judge. The motion was based on events that had occurred at pretrial hearings in May of that year. According to the motion, the pretrial hearings showed that the judge was biased in favor of the prosecution. The judge denied the motion, concluding that recusal was not warranted. ¶ 4 Both cases proceeded to trial, and the juries found Carpenter guilty on all the charged felonies: the class 3 felony count of second 
2 degree kidnapping, the class 4 felony count of second degree assault; the class 5 felony counts of menacing and first degree criminal trespass; and the class 6 felony counts of possession of a weapon by a previous offender and violation of bail bond conditions. The trial court imposed consecutive sentences totaling sixty-six years in the custody of the Department of Corrections. ¶ 5 On direct appeal, Carpenter asserted that he was denied his right to an impartial judge in the district court. A division of this court affirmed on the ground that the motions for disqualification were not timely filed because the events giving rise to the motion occurred in May 2013, but the motion was not filed until early July 2013. See People v. Carpenter, slip op. at 3-4 (Colo. App. No. 13CA1878, Dec. 29, 2016) (not published pursuant to C.A.R. 35(e)) (Carpenter I) (concluding that a timely motion for disqualification must be filed either within fourteen days after a case has been assigned to a court, citing Crim. P. 21(b), or as soon as possible after the facts forming the basis for the motion have been discovered, citing People v. Botham, 629 P.2d 589, 595 (Colo. 1981), overruled on other grounds by People v. Garner, 806 P.2d 366, 370 (Colo. 1991)); People v. Carpenter, slip op. at 4 (Colo. App. No. 
3 13CA1879, Dec. 29, 2016) (not published pursuant to C.A.R. 35(e)) (Carpenter II) (same). ¶ 6 Carpenter later filed a pro se Crim. P. 35(c) motion for postconviction relief, alleging that he had received ineffective assistance from his trial counsel. Two claims in that motion are at issue here. First, Carpenter claimed that his trial counsel was ineffective in waiting until the day before trial to file the motion for disqualification. Second, he claimed that his trial counsel was ineffective in not conveying a plea offer to him. ¶ 7 A different district judge presided over the postconviction proceedings. The court appointed counsel for Carpenter, and after the prosecution filed a response to the motion, the court held an evidentiary hearing (the Rule 35(c) hearing). Carpenter and his trial counsel both testified at the hearing. ¶ 8 Following the hearing, the postconviction court issued a written order denying Carpenter’s Crim. P. 35(c) motion. As to both claims at issue here, the court credited trial counsel’s testimony at the Rule 35(c) hearing and ruled that Carpenter had failed to prove that counsel’s performance was constitutionally deficient. We 
4 discuss the postconviction court’s findings and the evidence in sections III and IV below. II. Applicable Law and Standards of Review ¶ 9 In a Crim. P. 35(c) proceeding, we presume the validity of the convictions, and the defendant bears the burden of proving that he is entitled to postconviction relief. Dunlap v. People, 173 P.3d 1054, 1061 (Colo. 2007). ¶ 10 To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel’s performance was constitutionally deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S.668, 687 (1984). For the performance prong, the defendant must show by a preponderance of the evidence that counsel’s representation fell below an objective standard of reasonableness. Id. at 688; Dunlap, 173 P.3d at 1061. For the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. ¶ 11 In reviewing the denial of a Crim. P. 35(c) motion following an evidentiary hearing, we defer to the postconviction court’s factual 
5 findings if they are supported by the record. Dunlap, 173 P.3d at 1063. We also defer to the postconviction court’s determinations regarding the weight and credibility to give to witness testimony at the hearing. Id. at 1061-62. We review the postconviction court’s legal conclusions de novo. Id. at 1063. III. Ineffective Assistance Claim Regarding Motion for Disqualification ¶ 12 In terms of Carpenter’s claim that his trial counsel was ineffective in waiting until the day before trial to file the motion for disqualification, we recognize that Carpenter I and Carpenter II affirmed the judgment on direct appeal on the ground that the motion for disqualification was untimely filed. Carpenter relies heavily on that holding in arguing that trial counsel’s performance was objectively unreasonable. ¶ 13 That reliance highlights a key principle in the law governing ineffective assistance of counsel claims. As the Supreme Court in Strickland explained: It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel 
6 was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. 466 U.S. at 689 (emphasis added) (citation omitted); see also United States v. Lathrop, 634 F.3d 931, 937 (7th Cir. 2011) (A court reviewing an ineffective assistance claim may not play “Monday [or Tuesday] morning quarterback” in evaluating counsel’s performance. (quoting United States v. Malone, 484 F.3d 916, 920 & n.1 (7th Cir. 2007))). ¶ 14 That brings us to the question of whether Carpenter’s trial counsel had a strategic reason for filing the motion for disqualification when he did. Trial counsel testified at the Rule 35(c) hearing that he had prior experience practicing in front of this district judge. He also testified regarding his decision-making concerning the motion for disqualification. ¶ 15 According to his testimony, as trial approached, the defense had information that the victim might not appear for trial, which counsel believed might lead to a favorable plea offer from the prosecution, or even dismissal of the charges against Carpenter. 
7 Trial counsel also testified that he was concerned that if he filed the motion for disqualification, and if the district judge learned that the prosecution was having trouble getting the victim to appear for trial, the judge would grant the motion for disqualification, thereby delaying the case to give the prosecution more time to secure the victim’s attendance at trial. However, once trial counsel realized that the victim was going to appear at trial, he filed the motion for disqualification to make a record of the alleged issue of judicial bias. ¶ 16 In the postconviction court’s written order denying Carpenter’s Crim. P. 35(c) motion, the court (1) credited trial counsel’s testimony at the Rule 35(c) hearing, (2) discussed trial counsel’s rationale for the timing of the filing of the motion for disqualification, (3) found that counsel had a strategic reason for filing the motion when he did, and (4) concluded that Carpenter had failed to prove deficient performance as to this claim. ¶ 17 Given our deference to the postconviction court’s credibility assessments and its findings that have record support, we discern no error in the court’s ruling. See Dunlap, 173 P.3d at 1061-63. It was Carpenter’s burden at the Rule 35(c) hearing to prove that trial 
8 counsel’s strategy was objectively unreasonable. See Strickland, 466 U.S. at 688. Instead, he has hinged his claim on the division’s ultimate ruling in Carpenter I and Carpenter II affirming the judgment on the sole ground that the motion for disqualification was untimely. That doesn’t establish that counsel’s decision was objectively unreasonable when he made it, given other considerations. See Strickland, 466 U.S. at 689; Lathrop, 634 F.3d at 937. IV. Ineffective Assistance Claim Regarding Plea Offer ¶ 18 We also affirm the postconviction court’s denial of Carpenter’s ineffective assistance claim that his trial counsel failed to convey a plea offer to him. ¶ 19 As an initial matter, the record is inconclusive whether the prosecutor ever extended a formal, specific plea offer to Carpenter’s trial counsel. Trial counsel testified at the Rule 35(c) hearing that he could not recall whether the prosecutor had ever extended a formal offer, but that “there probably wasn’t a specific offer,” just “a discussion of a [sentencing] range.” He testified that is typically what happened in cases he worked with that prosecutor: the prosecutor often would not make “a firm offer” but would instead 
9 just “throw out a ball park” plea bargain figure that trial counsel would relay to his client. ¶ 20 At the Rule 35(c) hearing, the prosecution did not have any burden to prove the specific contours of any plea offer. Rather, it was Carpenter’s burden to prove that there was a plea offer that trial counsel failed to convey a plea offer to him. ¶ 21 Carpenter failed to prove deficient performance on this claim. Trial counsel’s testimony at the Rule 35(c) hearing — which, again, the postconviction court credited — was quite clear on four points: • Given the facts of the case and the district judge presiding over the case, trial counsel advised Carpenter that if the case went to trial, Carpenter would probably spend the rest of his life in prison (the record indicates that Carpenter was fifty-five years old at the time of trial). • Trial counsel “absolutely” told Carpenter about any and all plea offers in the case, explaining that he believed he was ethically required to convey even “horrible” plea offers to clients. • Carpenter was not interested in any plea offers that trial counsel presented to him. 
10 • Trial counsel tried to convince Carpenter to make a counteroffer to the prosecution involving an eleven-year prison sentence, but Carpenter refused. ¶ 22 In crediting trial counsel’s testimony, the postconviction court specifically found that (1) counsel had communicated to Carpenter “all potential plea offers” and the risks of going to trial, (2) Carpenter had rejected trial counsel’s advice concerning any plea offers and potential counteroffers, and (3) trial counsel had “met and surpassed the standards of effective representation regarding any potential plea offer.” Here, too, given our deference to the postconviction court’s credibility assessments and its findings that have record support, we discern no error in the court’s ruling. See Dunlap, 173 P.3d at 1061-63. V. Conclusion ¶ 23 The order is affirmed. JUDGE VOGT and JUDGE TAUBMAN concur.